# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 19-60669
Summary Calendar

Yoel Alonso Leal,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 215 950 092

---

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Yoel Leal, a native and citizen of Cuba, petitions for review of his order of removal. He contends that the immigration judge's adverse credibility finding is not supported by substantial evidence. He further avers that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60669

substantial evidence indicates the elements of his asylum claim have been fulfilled.

The Board of Immigration Appeals declined to affirm the adverse credibility finding. Leal, however, did not exhaust administrative remedies as to his credibility challenge by raising it in a motion to reconsider, and we lack jurisdiction to address that challenge. *See Vazquez v. Sessions*, 885 F.3d 862, 868–69 (5th Cir. 2018); *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

Persecution for purposes of a past-persecution-asylum claim must be extreme conduct. *Tesfamichael v. Gonzales,* 469 F.3d 109, 116 (5th Cir. 2006); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Harm analogous to what Leal described does not compel a finding of statutory persecution. *See Chen v. Ashcroft*, 381 F.3d 221, 234–35 (5th Cir. 2004); *Tesfamichael*, 469 F.3d at 117.

Asylum can also be based on a reasonable fear of future persecution. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444–45 (5th Cir. 2001). Leal has not offered evidence that would compel the conclusion that he will be persecuted in the future. *See Faddoul v. INS*, 37 F.3d 185, 188–89 (5th Cir. 1994). Additionally, internal relocation negates a reasonable fear of future persecution, and Leal has not shown evidence that would compel a finding that he cannot relocate within his country. *See* 8 C.F.R. § 208.13(b)(2)(ii); *Lopez-Gomez*, 263 F.3d at 445–46. Finally, Leal did not present his argument for withholding of removal to the Board of Immigration Appeals, so it is unexhausted, and we lack jurisdiction to consider it. *See Vazquez*, 885 F.3d at 868–69.

The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.